UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANVAR ANSOROV,<br>        Petitioner,<br><br>        v.<br><br>DAVID O'NEILL, *Field Office Director<br>of Enforcement and Removal Operations,<br>Philadelphia Field Office, Immigration<br>and Customs Enforcement, et al.*,<br>        Respondents | :<br>:<br>:<br>:   No. 2:25-cv-7313<br>:<br>:<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW,** this 26th day of January, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 4;[2] Petitioner's Traverse, ECF No. 6; and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa.

---

[1]     Petitioner Anvar Ansorov, a citizen of Uzbekistan, entered the United States without inspection in 2022 at the United States-Mexico border. *See* Pet. ¶ 3, ECF No. 1. Thereafter, he was apprehended by Customs and Border Patrol ("CBP") charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i) ("Aliens present without admission or parole") for having entered the United States without admission or inspection, released on his own recognizance, issued a Notice to Appear, and placed in removal proceedings. *Id.* He filed an application for asylum, which is pending. *Id.* On or about December 13, 2025, Ansorov was cited in Philadelphia County for driving under the influence of alcohol ("DUI") under 75 Pa. C.S. § 3802(a) and released on his own recognizance. *Id.* ¶ 42. Those charges remain pending. *Id.* On December 18, 2025, Ansorov was arrested and detained by Immigration and Customs Enforcement ("ICE") on his way to work. *Id.* ¶ 4. He is being held without bond having been set. Ansorov filed the instant petition on December 24, 2025. He alleges that his detention violates: (I) the Immigration and Nationality Act, (II) bond regulations 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and (III) due process. *See id.* ¶¶ 52-62.

[2]     On January 9, 2026, the Government filed a Response, arguing that the Court should deny habeas relief because: (1) this Court lacks jurisdiction to intervene in Ansorov's removal proceedings; (2) Ansorov is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (3) Ansorov's detention does not violate Constitutional due process requirements. *See* ECF No. 4.

January 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

1. Petitioner Anvar Ansorov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);[5]

2. **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

---

[3] These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions are only two of dozens of cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that it has jurisdiction pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip jurisdiction, that exhaustion is not required, and that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections.

[4] Ansorov's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of Ansorov's claims based on violations of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, or on Fifth Amendment due process. Because the petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided.

[5] Unlike the habeas petitioners in *Restrepo*, No. 2:25-cv-06518, and *Mirdjalilov*, No. 2:25-cv-07068, Ansorov has a criminal charge pending. *See Commonwealth v. Ansorov*, No. MC-51-CR-0023181-2025 (Phila. Cty. Mun. Ct. filed Dec. 13, 2025). Regardless, he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226(c) ("Detention of criminal aliens") because DUI is not a crime involving moral turpitude or a controlled substance violation. *See* 8 U.S.C. § 1226(c) (citing 8 U.S.C. § 1182(c)(1)(A)). Additionally, Ansorov has not been "convicted" of any crime, nor sentenced to a term of imprisonment of at least one year. *See id.* (citing 8 U.S.C. § 1227(a)(2)(A)(i)-(iii), (B), (C), (D)). There is also no evidence that he was engaged in or endorsed terrorist activities, received military-type training from or on behalf of any terrorist organization, or is the spouse or child of an alien who is inadmissible for any of these reasons. *See id.* (citing 8 U.S.C. § 1182(a)(3)(B)).

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge